## Deifer v. General Motors Corporation

*Edward N. Cahn,* for plaintiff.

*Edward C. McCardle* and *David G. Welty,* for defendants.

DAVISON, J., April 11, 1972.—Plaintiff filed a complaint in assumpsit alleging breach of an express warranty against both defendants, who thereafter filed answers containing new matter. After various additional pleadings were filed, the matter, being at issue, was scheduled for compulsory arbitration on December 29, 1971. At the arbitration hearing, defendants objected to certain testimony on the ground that plaintiff was attempting to broaden his theories for recovery beyond the initial theory of express warranty. The case was held under advisement by the board of arbitrators pending the announced intention of the attorney for plaintiff to seek leave to file an amended complaint.

On January 17, 1972, upon presentation of plaintiff's petition for leave to file an amended complaint, President Judge Kenneth H. Koch entered an order directed to defendants to show cause why plaintiff should not

be allowed to file the amended complaint appended thereto. This matter is before the court for disposition of plaintiff's rule.

The sole question before this court is whether plaintiff at this stage of the proceeding is entitled to amend his complaint.

Pennsylvania Rule of Civil Procedure 1033 relates to amendment of pleadings and provides as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The proposed amendment seeks to broaden the theories upon which plaintiff feels he is entitled to pursue his cause of action. None of the parties have suggested any problems relating to the expiration of the statute of limitations. Consequently, it would be possible for plaintiff to simply withdraw his case at this point and file a new suit against defendants on whatever theories he chooses. On the other hand, it is true that there have been extensive pleadings and that a pretrial conference has already been held. In addition, the actual trial has been, for all practical purposes, completed.

Plaintiff urges that his rule be made absolute on the theory that defendants did not answer the petition, which contention we reject because the allegations of the petition consisted of statements of facts of record and were not of the nature requiring a response.

More persuasively, plaintiff argues that should he receive an adverse decision before the board of arbi-

trators, he may appeal, in which event he will seek the right to amend at that time. He correctly points to the prevailing tendency to permit the amendment of pleadings at the pretrial stage.

On the other hand, defendants argue that we should ignore the possibilities of appeal and, having done so, that, at the stage of the proceeding at the present time, it is too late to amend. Further, defendants contend that by amending at this time, this will reopen the pleadings as they will then have, and will undoubtedly avail themselves of, the opportunity to file amended answers, and so on. Significantly, defendants do not argue that they will be surprised or prejudiced on the merits should the court permit what plaintiff seeks.

Conceding that there will undoubtedly be additional expense and, unfortunately, protracted pleadings, when faced with the alternative of precluding plaintiff from presenting his best case, we believe that the interests of justice will best be served by granting the rule. However, in view of the fact that plaintiff could have been more expeditious in moving to amend his complaint, we believe there is justification for apportionment of expenses as required by our colleague Judge Koch, in Julian v. Mayo, 27 Lehigh L. J. 182, 8 D. & C. 2d 788 (1956), and by other courts in Marra v. Kephart, 14 D. & C. 2d 388 (1958), and Universal Match Corporation v. Lekape Corporation, 49 D. & C. 2d 454 (1970). In Julian, the court permitted plaintiff to amend his complaint, but conditioned the allowance upon reimbursement to defendant of arbitrators' fees and costs by plaintiff seeking to amend his complaint. With modification to fit the circumstances of the instant case, that approach appeals to us.

It has been the policy of the courts to construe our procedural rules with liberality as, indeed, rule 126 itself so encourages, to eliminate loss of causes on

technical rather than substantive grounds. "The purpose of Pa. R.C.P. 1033 is obvious in that it is an effort to liberalize the rights of amendment in order to facilitate the trial of a case on its merits": Callahan v. Plotts (No. 2), 53 D. & C. 2d 374 (1971).

In conclusion, while we recognize that plaintiff could have acted more promptly, for the reasons specified herein, we see no prejudice to defendants by permitting the relief sought at this time.

### ORDER

And now, April 11, 1972, plaintiff's rule to show cause why the complaint should not be amended is discharged unless the plaintiff shall, within 20 days after service of this order upon his counsel, pay in to the office of the prothonotary the sum of $100 to serve as a fund for reimbursement to the County of Lehigh of whatever additional sums it may be required to pay in arbitrator's fees in the event any further arbitration hearings are held by reason of permitting the amendment requested. Provided that the said sum shall have been so paid within the said time herein specified, the amendment is allowed.